UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

CASE NO.

DUAITT WOOD

    Plaintiff,

v.

G & G MARINE, INC. d/b/a
G & G SHIPPING, and
XYZ CORPORATION,

    Defendant(s).
_____/

## COMPLAINT

Plaintiff sues Defendant(s) and alleges:

### PRELIMINARY ALLEGATIONS AND JURISDICTION

1. Plaintiff is a citizen of the Country of Honduras.

2. Defendant G & G MARINE, INC. (hereinafter "G & G") is a Florida Corporation with its principal address in Ft. Lauderdale.

3. G & G SHIPPING is the fictitious name under which G & G does business.

4. Defendant XYZ CORPORATION (hereinafter "XYZ") is being named in the event that G & G did not own the forklift involved in Plaintiff's accident.

5. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332.

6. Defendant G & G, at all times material hereto, personally or through an agent:

1

  a. Operated, conducted, engaged in or carried on a business venture in this state and/or county and had an office or agency in this state and/or county;

  b. Were engaged in substantial activity within this state;

  c. Operated vessels in the waters of this state;

  d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

  e. The acts of Defendant(s) set out in this Complaint occurred in whole or in part in this county and/or state.

7. Defendants are subject to the jurisdiction of the Courts of this Court.

8. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States, and as such, Defendant(s) is subject to the jurisdiction of the Courts of this State under Admiralty jurisdiction, 28 U.S.C. 1333 and arises under the Jones Act, 46 U.S.C. Section 30104.

9. At all times material hereto, G & G owned, operated, managed, maintained and/or controlled the M/V Caribbean Express I.

10. At all times material hereto, Plaintiff's employer was the ship owner, an agent of the ship owner and/or ship operator.

**COUNT I – JONES ACT NEGLIGENCE AGAINST G & G**

11. Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one through ten as though they were originally alleged herein.

12. On or about November 15 2008, Plaintiff was employed by G & G as a seaman and was a member of the vessel's crew. The vessel was in navigable waters.

13. It was the duty of G & G to provide Plaintiff with a reasonably safe place to work.

14. On or about the above referenced date, Plaintiff was injured while in the service of the vessel when he attempted to load a forklift onto the vessel, as per the First Officer's order. While driving the forklift towards the vessel, the Plaintiff was not able to stop the vehicle's forward movement prior to it reaching the edge of the pier and falling into the water, a result of which Plaintiff injured his back.

15. Plaintiff's injuries are due to the fault and negligence of G & G, and/or its agents, servants and/or employees as follows:

   a. Failure to provide and maintain a reasonably safe environment for Plaintiff to perform his assigned tasks; and/or

   b. Failure to provide Plaintiff with a properly functioning forklift; and/or

   c. Failure to provide adequate instruction to Plaintiff with regards to the proper and adequate operation of the forklift; and/or

   d. Failure to provide adequate supervision to Plaintiff while working; and/or

   e. Failure to follow sound management practices with the goal of providing Plaintiff a reasonably safe workplace and equipment; and/or

   f. Failure to adequately inspect the equipment provided to the Plaintiff to carry out his assigned task prior to giving it to the Plaintiff in an effort to avoid hazards to Plaintiff; and/or

   g. Failure to take the necessary steps to eliminate hazards, minimize hazards or warn Plaintiff of the danger posed by those hazards; and/or

   h. Failure to comply with reasonable safety standards so as to provide a reasonably safe environment for Plaintiff while in the performance of his duties; and/or

    i. Failure to promulgate and enforce reasonable rules and regulations to insure the safety and health of the Plaintiff, while engaged in the course of his employment on Defendant's vessel; and/or

    j. Failure to provide prompt, proper and adequate medical care to Plaintiff after he sought medical treatment for his injuries, which aggravated Plaintiff's injuries and caused him additional pain and disability; and/or

    k. Failure to exercise reasonable care under the circumstances; and/or

    l. Failure to prevent further injury by requiring the Plaintiff after his injury to continue to engage in strenuous work that included heavy lifting.

16. Defendant G & G knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that G & G in the exercise of reasonable care should have learned of them and corrected them.

17. As a result of G &G's negligence, the Plaintiff was injured about Plaintiff's body, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired.  The injuries and damages are permanent and continuing in nature and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff in the past has lost fringe benefits that come with

    Plaintiff's job, including, but not limited to free food, free shelter, free medical care and vacation.

**WHEREFORE**, the Plaintiff, demands all damages entitled by law and demands jury trial of all issues so triable.

### COUNT II – UNSEAWORTHINESS AGAINST

18. Plaintiff realleges, incorporates by reference and adopts paragraphs one through ten as though they were originally alleged herein.

19. On or about the previously stated date, Plaintiff was a seaman and a member of the vessel's crew on Defendant(s)' vessel, which was in navigable waters.

20. At all times material hereto, the vessel was owned, managed, operated and/or controlled by Defendant(s).

21. Defendant(s) had the absolute non-delegable duty to provide Plaintiff with a seaworthy vessel.

22. On or about the previously stated date, the unseaworthiness of Defendant(s)' vessel was a legal cause of injury and damage to the Plaintiff by reason of the following:

    a. Failure to provide and maintain a reasonably safe environment for Plaintiff to perform his assigned tasks; and/or

    b. Failure to provide Plaintiff with a properly functioning forklift; and/or

    c. Failure to provide adequate instruction to Plaintiff with regards to the proper and adequate operation of the forklift; and/or

    d. Failure to provide adequate supervision to Plaintiff while working; and/or

    e. Failure to follow sound management practices with the goal of providing Plaintiff a reasonably safe workplace and equipment; and/or

    f. Failure to adequately inspect the equipment provided to the Plaintiff to carry out his assigned task prior to giving it to the Plaintiff in an effort to avoid hazards to Plaintiff; and/or

    g. Failure to take the necessary steps to eliminate hazards, minimize hazards or warn Plaintiff of the danger posed by those hazards; and/or

    h. Failure to comply with reasonable safety standards so as to provide a reasonably safe environment for Plaintiff while in the performance of his duties; and/or

    i. Failure to promulgate and enforce reasonable rules and regulations to insure the safety and health of the Plaintiff, while engaged in the course of his employment on Defendant's vessel; and/or

    j. Failure to provide prompt, proper and adequate medical care to Plaintiff after he sought medical treatment for his injuries, which aggravated Plaintiff's injuries and caused him additional pain and disability; and/or

    k. Failure to exercise reasonable care under the circumstances; and/or

    l. Failure to prevent further injury by requiring the Plaintiff after his injury to continue to engage in strenuous work that included heavy lifting.

23. As a result of the unseaworthiness of the vessel, the Plaintiff was injured about Plaintiff's body, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of Plaintiff's

injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent and continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff in the past has lost fringe benefits that come with Plaintiff's job, including, but not limited to free food, free shelter, free medical care, and vacation.

**WHEREFORE**, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

### COUNT III – G & G'S FAILURE TO PROVIDE MAINTENANCE AND CURE

24. Plaintiff realleges, incorporates by reference and adopts paragraphs one through twelve as though they were originally alleged herein.

25. On or about the previously stated date, Plaintiff was injured while in the service of the vessel as a crew member.

26. Under General Maritime Law and by operation of treaty, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendant until he is declared to have reached maximum possible cure or maximum possible improvement. This includes unearned wages (regular wages, overtime, vacation pay and tips), which are reasonably anticipated, to the end of the contract or voyage, whichever is longer. Maintenance and cure is an on-going obligation of the Defendant(s) from the date of the Plaintiff's injury up through trial and at times beyond as Plaintiffs are allowed to bring serial lawsuits for maintenance and cure purposes. Although maintenance and cure can be properly terminated at the point when the crew member reaches Maximum Medical Improvement (MMI) and/or Maximum Medical Cure (MMC), it must be reinstated if the Plaintiff suffers a relapse of

his condition that once again requires treatment to return the Plaintiff to an MMI/MMC status or if a cure becomes available that was not available to the Plaintiff at the time of the declaration of MMI/MMC. In addition, if an MMI/MMC declaration is challenged by another physician the conflict must be resolved in favor of the crew member receiving the additional care (treatment)/cure that is recommended.

27. After Plaintiff reported his injury to Defendant, Defendant failed to provide the Plaintiff with any maintenance and/or cure, forcing the Plaintiff to have to suffer financial and physical hardship with regards to his injury as a result thereof. Plaintiff was further required to continue carrying out strenuous work that included heavy lifting, which aggravated his injured back. Plaintiff is presently experiencing constant lower back pain radiating to both legs, and has numbness and weakness in his legs and feet, requiring medical treatment.

28. Defendant's failure to provide Plaintiff with any maintenance and/or cure was willful and callous. In addition, ' refusal to pay Plaintiff's maintenance and cure delayed Plaintiff's ability to get timely medical care so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

29. Defendant's failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman. As such, Plaintiff would be entitled to attorney's fees under the General Maritime Law of the United States. Further, Defendant(s) unreasonably failed to pay or provide Plaintiff with maintenance and cure, which aggravated his condition ad caused Plaintiff to suffer additional compensatory damages, including, but not limited to, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment

of life, feelings of economic insecurity, as well as lost earning or earning capacity, and medical and hospital expenses in the past and into the future.

**WHEREFORE**, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT IV – G & G'S FAILURE TO TREAT

30. Plaintiff realleges, incorporates by reference and adopts paragraphs one through ten as though originally alleged herein.

31. On or about the previously stated date, Plaintiff was employed by G & G as a member of the vessel's crew. The vessel was in navigable waters.

32. It was the duty of Defendant to provide Plaintiff with prompt, proper and adequate medical care.

33. Defendant negligently failed to provide Plaintiff with prompt, proper, adequate medical care after he sought treatment for his injuries. This conduct includes, but is not limited to:

    a. Defendant not giving Plaintiff medical care in a timely manner after his initial injury; and/or

    b. Defendant failing to provide any medical care to Plaintiff after his injury; and/or

    c. Plaintiff having to pay directly for his medical expenses and treatments without any reimbursements from Defendant.

34. As a direct and proximate result of Defendant's failure, Plaintiff suffered additional pain, disability and/or Plaintiff's recovery was prolonged. In addition, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of

enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions there from, incurred additional medical expresses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's work ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

35. This Count is alleged separately from Jones Act Negligence pursuant to *Joyce v. Atlantic Richfield Company*, 651 F.2d 676 (10th Cir. 1981), which states, in part, "negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

**WHEREFORE**, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT V – NEGLIGENCE AGAINST XYZ

36. Plaintiff realleges, incorporates by reference and adopts paragraphs one though ten as though they were originally alleged herein.

37. At all times material hereto, Defendant XYZ had a duty of reasonable care for the safety of the operator of the forklift it owned.

38. Plaintiff's injuries are due to the fault and negligence of XYZ as follows:

   a. Failure to use reasonable care to provide and maintain a reasonably fit and properly working forklift; and/or

   b. Failure to adequately inspect the forklift for any problems and to fix and/or warn of any existing problems before providing the forklift to G & G for its use; and/or

  c. Failure to provide adequate instruction and supervision to those operating the forklift; and/or

  d. Failure to properly warn Plaintiff of the hazards of using the forklift in the condition it was in.

39. Defendant XYZ knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that XYZ in the exercise of reasonable care should have learned of them and corrected them.

40. As a result of Defendant XYZ's negligence, the Plaintiff was injured about Plaintiff's body, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and Plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent and continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff in the past has lost fringe benefits that come with Plaintiff's job, including, but not limited to free food, free shelter, free medical care and vacation.

**WHEREFORE**, Plaintiff demands judgment against Defendant XYZ and demands trial by jury.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this 28th day of July 28, 2010 to: Reginald M. Hayden, Jr., Hayden, Milliken & Boeringer, P.A., 2121 Ponce de Leon Boulevard, Suite 730, Coral Gables, Florida 33134.

LIPCON, MARGULIES, ALSINA & WINKLEMAN
Attorneys for Plaintiff
Suite 1776, One Biscayne Tower
Miami, Florida 33131
Telephone: (305) 373-3016
Facsimile: (305) 373-6204

By: _____
Ricardo Alsina
Florida Bar No. 0883182