UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA - MIAMI DIVISION

IN ADMIRALTY

CASE NO. 10-22739-CIV-GRAHAM/TORRES

DUAITT WOOD,

    Plaintiff,

v.

G&G MARINE, INC., d/b/a G&G
SHIPPING, and XYZ CORPORATION,

    Defendants.
_____/

## G&G MARINE, INC.'S ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES

COMES NOW Defendant, G&G MARINE, INC., d/b/a G&G SHIPPING (collectively, "G&G Marine or Defendant"), through its attorneys, Hayden, Milliken & Boeringer, P.A., and Answers the Complaint of Plaintiff DUAITT WOOD, and states:

1. Admitted.

2. Admitted

3. Admitted

4. Denied for lack of knowledge.

5. Denied

6.   a. Admitted

    b. Admitted

    c. Admitted

    d. Denied

    e. Denied

*Wood v. G&G Marine, Inc.*
Case No.: 10-civ-22739

    7.    Denied

    8.    Denied.

    9.    Admitted

    10.    Denied.

## COUNT I - JONES ACT NEGLIGENCE AGAINST G&G

    11.    G&G Marine incorporates all responses to allegations in paragraphs one through ten and further answers as follows:

    12.    Admits Plaintiff was employed by G&G Marine and deny all other allegations of paragraph 12.

    13.    Admitted.

    14.    Denied.

    15.    Denied, including all allegations contained in sub-paragraphs (a) through (l).

    16.    Denied.

    17.    Denied.

The WHEREFORE clause is Denied.

## COUNT II - UNSEAWORTHINESS

    18.    G&G Marine incorporates all responses to allegations in paragraphs one through ten as if fully set forth and further answers as follows:

    19.    Admits Plaintiff was a seaman and crew member and except as expressly admitted, deny all allegations of paragraph 19.

    20.    Admitted.

*Wood v. G&G Marine, Inc.*
*Case No.: 10-civ-22739*

21. Denied.

22. Denied, including all allegations contained in sub-paragraphs (a) through (l).

23. Denied.

The WHEREFORE clause is Denied.

## COUNT III - G&G'S FAILURE TO PROVIDE MAINTENANCE AND CURE

24. G&G Marine incorporates its answers to all allegations in paragraphs one through twelve as if fully set forth herein and further answers:

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

The WHEREFORE clause is Denied.

## COUNT IV - G&G'S FAILURE TO TREAT

30. G&G Marine incorporates all responses to the allegations in paragraphs one through ten as if fully set forth herein.

31. Admits Plaintiff was an employee and denies all other allegations contained in paragraph 31.

32. Denied.

33. Denied, including sub-paragraphs (a) (b) and (c).

34. Denied.

*Wood v. G&G Marine, Inc.*
*Case No.: 10-civ-22739*

35. Denied.

The WHEREFORE clause is Denied.

### COUNT V - NEGLIGENCE AGAINST XYZ

36.-40. The allegations in these paragraphs are not directed to G&G MARINE, INC. If an answer is required, all allegations are denied.

### FURTHER ANSWERING THE COMPLAINT AND FOR A SEPARATE, PARTIAL, OR COMPLETE DEFENSE THERETO, DEFENDANT G&G MARINE, INC. ALLEGES THE FOLLOWING AFFIRMATIVE DEFENSES:

#### First Affirmative Defense

There was no accident or injury aboard any of Defendant's vessels. Any incident, accident or injury, which is denied, occurred on land in the Bahamas.

#### Second Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted under Count I, Jones Act Negligence against G&G Marine.

#### Third Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted Under Count II, Unseaworthiness against G&G Marine.

#### Fourth Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted for Maintenance and Cure under Count III.

#### Fifth Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted for Failure to

*Wood v. G&G Marine, Inc.*
*Case No.: 10-civ-22739*

Treat under Count IV.

### Sixth Affirmative Defense

If an accident occurred, which is denied, then Duaitt Wood's negligence cleared or contributed to the alleged accident or was a superseding cause of the alleged accident and any injuries as alleged were caused or occurred as a result of his negligence.

### Seventh Affirmative Defense

Any injuries alleged in the Complaint, which is denied, occurred because Duaitt Wood knowingly used the equipment or crane in a manner for which it was neither made nor intended, which was not reasonably foreseeable to G&G Marine.

### Eighth Affirmative Defense

Plaintiff has received all benefits from medical care, and Maximum Medical Improvement for any injury or condition was reached by Wood on November 6, 2009, when he was found "Fit for Duty without Restrictions" by Dr. Jarolem.

### Ninth Affirmative Defense

If an accident occurred, which is denied, then Duaitt Wood was comparatively negligent and therefore his damages must be reduced to an amount equal to his comparative fault.

### Tenth Affirmative Defense

Plaintiff's employment on the vessel in question required a reasonable level of skill and care in order to carry out his duties. Plaintiff represented himself to be an experienced seaman, capable of the level of skill and care required for the position for which he was

*Wood v. G&G Marine, Inc.*
*Case No.: 10-civ-22739*

hired. If an accident occurred, which is denied, Duaitt Wood was not conducting himself in the manner of a capable and competent seaman as he represented himself to be, and was not being observant of obvious hazards, and not using due regard for his own safety, and was not using proper and available procedures to do any tasks assigned to him.

### Eleventh Affirmative Defense

All wages have been paid to Plaintiff. Any need for Maintenance and Cure did not arise as a result of Plaintiff's service on Defendant's vessel.

### Twelfth Affirmative Defense

Duaitt Wood failed to timely advise or request of G&G Marine, any need for additional Maintenance and Cure and has failed to show any causal connection between any alleged injury while in the service of this answering Defendant.

### Thirteenth Affirmative Defense

G&G Marine had no notice or knowledge of any alleged defect to the forklift or crane or equipment in question prior to the alleged incident.

### Fourteenth Affirmative Defense

The issues in this action are governed by the general maritime law.

### Fifteenth Affirmative Defense

Duaitt Wood failed to mitigate his alleged damages, and any recovery herein if any, should be reduced in an amount equivalent to that portion of damages which Plaintiff could have mitigated.

*Wood v. G&G Marine, Inc.*
*Case No.: 10-civ-22739*

### Sixteenth Affirmative Defense

The accident as alleged was caused by the acts or omissions of others for whom this answering Defendant is not responsible or liable. Said fault and neglect comparatively reduces the percentage of fault, if any, of this answering Defendant.

### Seventeenth Affirmative Defense

Any defect or dangerous condition in the forklift or crane or equipment which is denied, was patent, known and/or was accepted by Duaitt Wood.

### Eighteenth Affirmative Defense

Any injuries and/or damages incurred by the Plaintiff resulted from one or more intervening, superseding causes rather than being the result of any negligence on the part of G&G Marine, and therefore Plaintiff is not entitled to recovery against these Defendants.

### Nineteenth Affirmative Defense

The alleged accident and Plaintiff's claims, injuries, and damages as alleged are unrelated to any alleged negligence or acts of these Defendants described in the Complaint.

### Twentieth Affirmative Defense

If an accident occurred, which is denied, the sole legal cause of the incident and resulting loss and damages alleged in the Complaint was the negligence of Duaitt Wood in operating the equipment at the time of the alleged accident.

### Twenty-First Affirmative Defense

Through his conduct, Plaintiff has waived his rights, if any, and cannot recover on

*Wood v. G&G Marine, Inc.*
*Case No.: 10-civ-22739*

his complaint, or any claim therein.

### Twenty-Second Affirmative Defense

If Plaintiff suffered any injury or disability, then such injury or disability was the result of a pre-existing condition of Plaintiff which was not caused by or contributed to by his employment aboard the Defendant's vessel or by any alleged negligence or breach of warranty of seaworthiness by the answering Defendant.

### Twenty-Third Affirmative Defense

If Plaintiff has any loss of earning capacity, that such loss was caused solely, or to some degree, by some condition of the body or some injury or combination thereof, that is completely unrelated to the injury claimed in this lawsuit, or has been and will be solely, or in part, the result of the Plaintiff's failure to follow the advice, care, and treatment of attending physicians.

### Twenty-Fourth Affirmative Defense

The damages sustained by the Plaintiff, if any, were the result of an accident and that insofar as this answering Defendant is concerned, such accident was unavoidable.

WHEREFORE, Defendant G&G MARINE, INC., having answered the Complaint, prays that the same be dismissed with prejudice and for an award of its attorneys fees and costs and any other relief that may be deemed to be just and proper.

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 24, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and also certify that the foregoing

*Wood v. G&G Marine, Inc.*
*Case No.: 10-civ-22739*

document is being served this day via transmission of Notices of Electronic Filing generated by CM/ECF, to:

Ricardo V. Alsina, Esq.
Lipcon, Margulies, Alsina & Winkleman, P.A.
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-3016
Facsimile: (305) 373-6204
Email: sealaw@aol.com
*Counsel for Duaitt Wood*

           HAYDEN, MILLIKEN & BOERINGER, P.A.

By: *Reginald M. Hayden, Jr.*
    Reginald M. Hayden, Jr., Esq.
    Florida Bar No.: 097106
    Patricia Leigh McMillan Minoux, Esq.
    Florida Bar No.: 624543
    2121 Ponce de Leon Blvd., Suite 730
    Coral Gables, Florida 33134-5222
    Phone: (305) 662-1523
    Fax: (305) 663-1358
    Email: rhayden@hayden-milliken.com
    Email: lmcmillan@hayden-milliken.com
    *Attorneys for G&G MARINE, INC.*

*H:\18491\Pldg\Answer.wpd*